UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

CASE NO.: 2:24-CV-1137

JOSEPH GERMAIN,
JESUNE DERVIL,
MEPRILUS PREDELUS, AND
SANTELUS SAIMPRE,

       Plaintiffs,

vs.

STONEY'S STEAKHOUSE, INC.,

       Defendant.

_____/

## COMPLAINT

Plaintiffs, Joseph Germain, Jesune Dervil, Meprilus Predelus, and Santelus Saimpre, through their undersigned counsel and sue Defendant, Stoney's Steakhouse, Inc., as follows:

### *Introduction*

1.    Plaintiffs, Joseph Germain, Jesune Dervil, Meprilus Predelus, and Santelus Saimpre, worked as cooks for Defendant, Stoney's Steakhouse, Inc., and filed this lawsuit to address Defendant's discriminating against them in their employment because they are Black and Haitian by terminating their employment

1

and replacing them with non-Black and/or Non-Haitian personnel.

## *Parties*

2.     **Plaintiff, Joseph Germain**, was and is a resident of Collier County, Florida, at all times material, over 18 years old, and he is *sui juris*.

3.     Mr. Germain was at all times material a Black, Haitian man and a member of a class of persons protected from discrimination in employment.

4.     Mr. Germain started working for Defendant on or about May 9, 2022.

5.     Mr. Germain worked as a Chef for Defendant.

6.     **Plaintiff, Jesune Dervil**, was and is a resident of Collier County, Florida, at all times material, over 18 years old, and he is *sui juris*.

7.     Mr. Dervil was at all times material a Black, Haitian man and a member of a class of persons protected from discrimination in employment.

8.     Mr. Dervil started working for Defendant on or about July 29, 2022.

9.     Mr. Dervil worked as a line cook for Defendant.

10.     **Plaintiff, Meprilus Predelus**, was and is a resident of Collier County, Florida, at all times material, over 18 years old, and he is *sui juris*.

11.     Mr. Predelus was at all times material a Black, Haitian man and a member of a class of persons protected from discrimination in employment.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

12.     Mr. Predelus started working for Defendant on or about June 13, 2022.

13.     Mr. Predelus worked as a Sous Chef for Defendant.

14.     **Plaintiff, Santelus Saimpre**, was and is a resident of Collier County, Florida, at all times material, over 18 years old, and he is *sui juris*.

15.     Mr. Saimpre was at all times material a Hispanic man and a member of a class of persons protected from discrimination in employment.

16.     Mr. Saimpre started working for Defendant on or about April 21, 2022.

17.     Mr. Saimpre worked as a line cook for Defendant.

18.     **Defendant, Stoney's Steakhouse, Inc.,** is *sui juris* company that conducts its for-profit restaurant business in this District.

19.     Defendant operated an upscale steakhouse restaurant at Bayfront of Naples.

20.     Defendant employed more than 20 people for 15 or more calendar weeks in each relevant year at all times relevant to this action at its restaurant.

21.     Defendant was and is responsible for the conduct, acts, and omissions of its officers, managers, supervisors, and employees at all times material to this action.

*Jurisdiction and Venue*

3

22.     This is an action for damages greater than $100,000, and this Court has jurisdiction over this matter.

23.     This Court has original jurisdiction over Plaintiffs' claims that arise under federal law pursuant to 28 U.S.C. §1331 and supplemental/pendent jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. §1367.

24.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant operates its restaurant within this District, and most of the actions complained of occurred within this District.

25.     All conditions precedent were performed by Plaintiffs, occurred, or were waived by Defendant, including through Plaintiffs dual-filing their Charge(s) of Discrimination with the EEOC and the FCHR. More than 180 days have elapsed since the filing of Plaintiffs' Charges of Discrimination.

26.     Plaintiffs agreed to pay their counsel a reasonable attorney's fee for all services rendered.

### Common Factual Allegations

27.     Although Defendant's owners and/or parent operated multiple restaurants within Bayfront at Naples, Defendant did not have its kitchen staff undergo reviews with any formality or designated frequency.

28.     Defendant's restaurant was underperforming, and as a result,

4

Defendant and its non-Black and non-Haitian personnel in higher supervisory positions focused on the predominately Black and Haitian kitchen staff as the problem(s).

29.     In late 2023, Defendant hired a consultant (Chef David O'Donnell) and a new executive chef (Chef Jeff Altman). Chef O'Donnell and Chef Altman are White and not from Haiti.

30.     Plaintiffs successfully performed their job duties for Defendant, including while under the new consultant and chef.

31.     Then, on or about October 13, 2023, Defendant abruptly changed the locks and told Plaintiffs that the restaurant would be closed on October 15, 2023, and to not come into work.

32.      Although the restaurant may not have had customers on October 15, 2023, it was "open" because Defendant had personnel working in the kitchen that day.

33.     The following day, October 16, 2023, the Defendant's general manager told the Plaintiffs they were fired but did not provide a reason.

34.     Defendant terminated Plaintiffs' employment on or about October 16, 2023, because they are Black and/or Haitian and replaced them with workers who were similarly qualified but were not Black and/or not Haitian.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## COUNT I – VIOLATION OF 42 U.S.C. §1981
## (RACE DISCRIMINATION)

35.     Plaintiffs reincorporate and re-allege all preceding paragraphs as though set forth fully herein.

36.     The Reconstruction Era Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") makes it unlawful to discriminate against an employee because of race:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. §1981.

37.     Plaintiffs were treated differently, discriminated against, subjected to negative treatment, and had their employment terminated because they were Black and/or Haitian.

38.     Put another way, the fact that Plaintiffs are Black and that they are Haitian were motivating factors in the differential treatment they received and the adverse employment actions that the Defendant took against them.

39.     In subjecting the Plaintiffs to this differential treatment and to these adverse employment actions based on their being Black and/or Haitian, the

6

Defendant intentionally discriminated against the Plaintiffs with respect to the terms, conditions, and privileges of employment, as well as the decision to terminate their employment.

**COUNT I<sub>A</sub> – §1981 CLAIM**
**(BY JOSEPH GERMAIN)**

40.     Plaintiff, Joseph Germain, possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Chef for Defendant.

41.     Mr. Germain performed his work for Defendant satisfactorily, and he was in all respects a good employee.

42.     Each person in a supervisory role over Mr. Germain was White and not from Haiti.

43.     After Mr. Germain's employment because of his race, Defendant replaced him (and the rest of the cooks) with workers who were not Black and not Haitian.

44.     Defendant's termination of Mr. Germain's employment constitutes an adverse employment action because of his race for purposes of Section 1981.

45.     These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Germain's employment, and/or adversely affected his status as an employee.

7

46.     As such, the disparate treatment Mr. Germain suffered constitutes an adverse employment action for which Section 1981 provides legal recourse.

47.     Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Mr. Germain.

48.     The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

49.     Mr. Germain suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

50.     Under Section 1981, Mr. Germain is entitled to recover his attorney's fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT I$_B$ – §1981 CLAIM
### (BY JESUNE DERVIL)

51.     Plaintiff, Jesune Dervil, possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Line Cook for Defendant.

52.     Mr. Dervil performed his work for Defendant satisfactorily, and he was in all respects a good employee.

53.     Other than Mr. Germain, each other person in a supervisory role over

8

Mr. Dervil was White and not from Haiti.

54.    After Defendant terminated Mr. Dervil's employment because of his race, it replaced him (and the rest of the cooks) with workers who were not Black and not Haitian.

55.    Defendant's termination of Mr. Dervil employment constitutes an adverse employment action because of his race for purposes of Section 1981.

56.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Dervil's employment, and/or adversely affected his status as an employee.

57.    As such, the disparate treatment Mr. Dervil suffered constitutes an adverse employment action for which Section 1981 provides legal recourse.

58.    Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Mr. Dervil.

59.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

60.    Mr. Dervil suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

61.     Under Section 1981, Mr. Dervil, is entitled to recover his attorney's fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT I_C – §1981 CLAIM
## (BY MEPRILUS PREDELUS)

62.     Plaintiff, Meprilus Predelus, possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Line Cook for Defendant.

63.     Mr. Predelus performed his work for Defendant satisfactorily, and he was in all respects a good employee.

64.     Other than Mr. Germain, each other person in a supervisory role over Mr. Predelus was White and not from Haiti.

65.     After Defendant terminated Mr. Predelus's employment because of his race, it replaced him (and the rest of the cooks) with workers who were not Black and not Haitian.

66.     Defendant's termination of Mr. Predelus's employment constitutes an adverse employment action because of his race for purposes of Section 1981.

67.     These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Predelus's employment, and/or adversely affected his status as an employee.

68.     As such, the disparate treatment Mr. Predelus suffered constitutes an

10

adverse employment action for which Section 1981 provides legal recourse.

69.     Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Mr. Predelus.

70.     The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

71.     Mr. Predelus suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

72.     Under Section 1981, Mr. Predelus is entitled to recover his attorney's fees and costs from Defendant, in addition to damages and punitive damages.

### COUNT I$_D$ – §1981 CLAIM
### (BY SANTELUS SAIMPRE)

73.     Plaintiff, Joseph Germain, possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Line Cook for Defendant.

74.     Mr. Germain performed his work for Defendant satisfactorily, and he was in all respects a good employee.

75.     Each person in a supervisory role over Mr. Germain was White and not from Haiti.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

76.     After Defendant terminated Mr. Saimpre's employment because of his race, it replaced him (and the rest of the cooks) with workers who were not Black and not Haitian.

77.     Defendant's termination of Mr. Germain's employment constitutes an adverse employment action because of his race for purposes of Section 1981.

78.     These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Germain's employment, and/or adversely affected his status as an employee.

79.     As such, the disparate treatment Mr. Germain suffered constitutes an adverse employment action for which Section 1981 provides legal recourse.

80.     Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Mr. Germain.

81.     The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

82.     Mr. Germain suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

83.     Under Section 1981, Mr. Germain is entitled to recover his attorney's fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT I
## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, Joseph Germain, Jesune Dervil, Meprilus Predelus, and Santelus Saimpre, demand the entry of a judgment in their favor and against Defendant, Stoney's Steakhouse, Inc., after a trial by jury, declaring that the Defendant violated 42 U.S.C. §1981, awarding them compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting them a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of race, promoting Plaintiffs to the position to which they should be holding, and awarding them their taxable costs and attorneys' fees.

## COUNT II – VIOLATION(S) OF TITLE VII
## (RACE)

Plaintiffs, Joseph Germain, Jesune Dervil, Meprilus Predelus, and Santelus Saimpre, reincorporate and re-allege paragraphs 1 through 34 as though set forth fully herein and further allege as follows:

84.     Defendant was at all times material the "employer" of Plaintiffs,

13

Joseph Germain, Jesune Dervil, Meprilus Predelus, and Santelus Saimpre, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(1).

85.     Title VII of the Civil Rights Act provides as follows:

**(a)Employer practices**

It shall be an unlawful employment practice for an employer—

> **(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> **(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S. Code § 2000e–2.

## COUNT II$_A$ – TITLE VII RACE CLAIM
## (BY JOSEPH GERMAIN)

86.     Plaintiff, Joseph Germain, was at all times material an "employee" of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

87.     Mr. Germain possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Chef for Defendant.

88.     Mr. Germain performed his work for Defendant satisfactorily, and he

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

was in all respects a good employee.

89.     Each person in a supervisory role over Mr. Germain was White and not from Haiti.

90.     After Defendant terminated Mr. Germain's employment because of his race, it replaced him (and the rest of the cooks) with workers who were not Black.

91.     Defendant engaged in the above-referenced unlawful "employer practices," as the term is defined by 42 U.S. Code § 2000e–2, by engaging in the aforesaid actions.

92.     The discriminatory actions of Defendant against Mr. Germain (and his fellow Black and Haitian cooks), when considered individually or collectively, constitutes an adverse employment action because of their race for purposes of Title VII of the Civil Rights Act.

93.     These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Germain, and/or adversely affected his status as an employee.

94.     As such, the disparate treatment Mr. Germain suffered constitutes an adverse employment action within the meaning of Title VII of the Civil Rights Act.

95.     Defendant's actions were malicious and demonstrated a reckless

indifference to the rights of Mr. Germain under Title VII of the Civil Rights Act.

96.     The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

97.     Mr. Germain suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

98.     Under Title VII of the Civil Rights Act, Mr. Germain is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT II$_B$ – TITLE VII RACE CLAIM
### (BY JESUNE DERVIL)

99.     Plaintiff, Jesune Dervil, was at all times material an "employee" of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

100.    Mr. Dervil possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Line Cook for Defendant.

101.    Mr. Dervil performed his work for Defendant satisfactorily, and he was in all respects a good employee.

102.    Other than Mr. Germain, each other person in a supervisory role over

16

Mr. Dervil was White and not from Haiti.

103.    After Defendant terminated Mr. Dervil's employment because of his race, it replaced him (and the rest of the cooks) with workers who were not Black.

104.    Defendant engaged in the above-referenced unlawful "employer practices," as the term is defined by 42 U.S. Code § 2000e–2, by engaging in the aforesaid actions.

105.    The discriminatory actions of Defendant against Mr. Dervil (and his fellow Black and Haitian cooks), when considered individually or collectively, constitutes an adverse employment action because of their race for purposes of Title VII of the Civil Rights Act.

106.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Dervil, and/or adversely affected his status as an employee.

107.    As such, the disparate treatment Mr. Dervil suffered constitutes an adverse employment action within the meaning of Title VII of the Civil Rights Act.

108.    Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Mr. Dervil under Title VII of the Civil Rights Act.

109.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences

17

of such actions.

110.     Mr. Dervil suffered damages in the form of lost income in the past,

lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of

dignity, and other intangible injuries.

111.     Under Title VII of the Civil Rights Act, Mr. Dervil is entitled to recover

his attorneys' fees and costs from Defendant, in addition to damages and punitive

damages.

**COUNT II_C – TITLE VII RACE CLAIM**
**(BY MEPRILUS PREDELUS)**

112.     Plaintiff, Meprilus Predelus, was at all times material an "employee"

of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

113.     Mr. Predelus possessed the skills, background, training, and

qualifications necessary to perform the duties of his position of Line Cook for

Defendant.

114.     Mr. Predelus performed his work for Defendant satisfactorily, and he

was in all respects a good employee.

115.     Other than Mr. Germain, each other person in a supervisory role over

Mr. Predelus was White and not from Haiti.

116.     After Defendant terminated Mr. Predelus's employment because of

his race, it replaced him (and the rest of the cooks) with workers who were not

18

Black.

117.    Defendant engaged in the above-referenced unlawful "employer practices," as the term is defined by 42 U.S. Code § 2000e–2, by engaging in the aforesaid actions.

118.    The discriminatory actions of Defendant against Mr. Predelus (and his fellow Black and Haitian cooks), when considered individually or collectively, constitutes an adverse employment action because of their race for purposes of Title VII of the Civil Rights Act.

119.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Predelus, and/or adversely affected his status as an employee.

120.    As such, the disparate treatment Mr. Predelus suffered constitutes an adverse employment action within the meaning of Title VII of the Civil Rights Act.

121.    Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Mr. Predelus under Title VII of the Civil Rights Act.

122.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

123.    Mr. Predelus suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

124.    Under Title VII of the Civil Rights Act, Mr. Predelus is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT II<sub>D</sub> – TITLE VII RACE CLAIM
## (BY SANTELUS SAIMPRE)

125.    Plaintiff, Santelus Saimpre, was at all times material an "employee" of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

126.    Mr. Saimpre possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Line Cook for Defendant.

127.    Mr. Saimpre performed his work for Defendant satisfactorily, and he was in all respects a good employee.

128.    Other than Mr. Germain, each other person in a supervisory role over Mr. Saimpre was White and not from Haiti.

129.    After Defendant terminated Mr. Saimpre's employment because of his race, it replaced him (and the rest of the cooks) with workers who were not Black.

20

130.   Defendant engaged in the above-referenced unlawful "employer practices," as the term is defined by 42 U.S. Code § 2000e–2, by engaging in the aforesaid actions.

131.   The discriminatory actions of Defendant against Mr. Saimpre (and his fellow Black and Haitian cooks), when considered individually or collectively, constitutes an adverse employment action because of their race for purposes of Title VII of the Civil Rights Act.

132.   These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Saimpre, and/or adversely affected his status as an employee.

133.   As such, the disparate treatment Mr. Saimpre suffered constitutes an adverse employment action within the meaning of Title VII of the Civil Rights Act.

134.   Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Mr. Saimpre under Title VII of the Civil Rights Act.

135.   The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

21

136.    Mr. Saimpre suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

137.    Under Title VII of the Civil Rights Act, Mr. Saimpre is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT II
## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, Joseph Germain, Jesune Dervil, Meprilus Predelus, and Santelus Saimpre, demand the entry of a judgment in their favor and against Defendant, Stoney's Steakhouse, Inc., after a trial by jury, declaring that Defendant violated Title VII of the Civil Rights Act in discriminating against them because of their race, awarding them compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting them a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of race, promoting Plaintiffs to the position to which they should be holding, and awarding them their taxable costs and attorneys' fees.

## COUNT III – VIOLATION(S) OF TITLE VII

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

<strong>(NATIONAL ORIGIN)</strong>

Plaintiffs, Joseph Germain, Jesune Dervil, Meprilus Predelus, and Santelus Saimpre, reincorporate and re-allege paragraphs 1 through 34 as though set forth fully herein and further allege as follows:

138.    Defendant was at all times material the "employer" of Plaintiffs, Joseph Germain, Jesune Dervil, Meprilus Predelus, and Santelus Saimpre, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(1).

139.    Title VII of the Civil Rights Act provides as follows:

**(a)Employer practices**

It shall be an unlawful employment practice for an employer—

> **(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

> **(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S. Code § 2000e–2.

<strong>COUNT III<sub>A</sub> – TITLE VII NATIONAL ORIGIN CLAIM<br>(BY JOSEPH GERMAIN)</strong>

140.    Plaintiff, Joseph Germain, was at all times material an "employee" of

23

Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

141. Mr. Germain possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Chef for Defendant.

142. Mr. Germain performed his work for Defendant satisfactorily, and he was in all respects a good employee.

143. Each person in a supervisory role over Mr. Germain was White and not from Haiti.

144. After Defendant terminated Mr. Germain's employment because of his race, it replaced him (and the rest of the cooks) with workers who were not from Haiti.

145. Defendant engaged in the above-referenced unlawful "employer practices," as the term is defined by 42 U.S. Code § 2000e–2, by engaging in the aforesaid actions.

146. The discriminatory actions of Defendant against Mr. Germain (and his fellow Haitian cooks), when considered individually or collectively, constitute an adverse employment action because of their national origin for purposes of Title VII of the Civil Rights Act.

147. These actions constitute an ultimate employment decision, altered the

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

compensation, terms, conditions, or privileges of the employment of Mr. Germain, and/or adversely affected his status as an employee.

148.    As such, the disparate treatment Mr. Germain suffered constitutes an adverse employment action within the meaning of Title VII of the Civil Rights Act.

149.    Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Mr. Germain under Title VII of the Civil Rights Act.

150.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

151.    Mr. Germain suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

152.    Under Title VII of the Civil Rights Act, Mr. Germain is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT III$_B$ – TITLE VII NATIONAL ORIGIN CLAIM
### (BY JESUNE DERVIL)

153.    Plaintiff, Jesune Dervil, was at all times material an "employee" of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

154.    Mr. Dervil possessed the skills, background, training, and

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

qualifications necessary to perform the duties of his position of Line Cook for Defendant.

155.    Mr. Dervil performed his work for Defendant satisfactorily, and he was in all respects a good employee.

156.    Other than Mr. Germain, each other person in a supervisory role over Mr. Dervil was White and not from Haiti.

157.    After Defendant terminated Mr. Dervil's employment because of his race, it replaced him (and the rest of the cooks) with workers who were not from Haiti.

158.    Defendant engaged in the above-referenced unlawful "employer practices," as the term is defined by 42 U.S. Code § 2000e–2, by engaging in the aforesaid actions.

159.    The discriminatory actions of Defendant against Mr. Dervil (and his fellow Haitian cooks), when considered individually or collectively, constitute an adverse employment action because of their national origin for purposes of Title VII of the Civil Rights Act.

160.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Dervil, and/or adversely affected his status as an employee.

161.    As such, the disparate treatment Mr. Dervil suffered constitutes an adverse employment action within the meaning of Title VII of the Civil Rights Act.

162.    Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Mr. Dervil under Title VII of the Civil Rights Act.

163.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

164.    Mr. Dervil suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

165.    Under Title VII of the Civil Rights Act, Mr. Dervil is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT III$_C$ – TITLE VII NATIONAL ORIGIN CLAIM
### (BY MEPRILUS PREDELUS)

166.    Plaintiff, Meprilus Predelus, was at all times material an "employee" of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

167.    Mr. Germain possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Line Cook for Defendant.

27

168.    Mr. Predelus performed his work for Defendant satisfactorily, and he was in all respects a good employee.

169.    Other than Mr. Germain, each other person in a supervisory role over Mr. Predelus was White and not from Haiti.

170.    After Defendant terminated Mr. Predelus's employment because of his race, it replaced him (and the rest of the cooks) with workers who were not from Haiti.

171.    Defendant engaged in the above-referenced unlawful "employer practices," as the term is defined by 42 U.S. Code § 2000e–2, by engaging in the aforesaid actions.

172.    The discriminatory actions of Defendant against Mr. Predelus (and his fellow Haitian cooks), when considered individually or collectively, constitute an adverse employment action because of their national origin for purposes of Title VII of the Civil Rights Act.

173.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Predelus, and/or adversely affected his status as an employee.

174.    As such, the disparate treatment Mr. Predelus suffered constitutes an adverse employment action within the meaning of Title VII of the Civil Rights Act.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

175.    Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Mr. Predelus under Title VII of the Civil Rights Act.

176.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

177.    Mr. Predelus suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

178.    Under Title VII of the Civil Rights Act, Mr. Predelus is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT III<sub>D</sub> – TITLE VII NATIONAL ORIGIN CLAIM
## (BY SANTELUS SAIMPRE)

179.    Plaintiff, Santelus Saimpre, was at all times material an "employee" of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

180.    Mr. Saimpre possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Line Cook for Defendant.

181.    Mr. Saimpre performed his work for Defendant satisfactorily, and he was in all respects a good employee.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

182.    Other than Mr. Germain, each other person in a supervisory role over Mr. Saimpre was White and not from Haiti.

183.    After Defendant terminated Mr. Saimpre's employment because of his race, it replaced him (and the rest of the cooks) with workers who were not from Haiti.

184.    Defendant engaged in the above-referenced unlawful "employer practices," as the term is defined by 42 U.S. Code § 2000e–2, by engaging in the aforesaid actions.

185.    The discriminatory actions of Defendant against Mr. Saimpre (and his fellow Haitian cooks), when considered individually or collectively, constitute an adverse employment action because of their national origin for purposes of Title VII of the Civil Rights Act.

186.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Saimpre, and/or adversely affected his status as an employee.

187.    As such, the disparate treatment Mr. Saimpre suffered constitutes an adverse employment action within the meaning of Title VII of the Civil Rights Act.

188.    Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Mr. Saimpre under Title VII of the Civil Rights Act.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

189.   The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

190.   Mr. Saimpre suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

191.   Under Title VII of the Civil Rights Act, Mr. Saimpre is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

**COUNT III**
**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs, Plaintiffs, Joseph Germain, Jesune Dervil, Meprilus Predelus, and Santelus Saimpre, demand the entry of a judgment in their favor and against Defendant, Stoney's Steakhouse, Inc., after a trial by jury, declaring that the Defendant violated Title VII of the Civil Rights Act in discriminating against them because of their national origin, awarding them compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting them a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of national origin,

31

promoting Plaintiffs to the position to which they should be holding, and awarding them their taxable costs and attorneys' fees

## COUNT IV – VIOLATION(S) OF FLORIDA CIVIL RIGHTS ACT
### (RACE)

Plaintiffs, Joseph Germain, Jesune Dervil, Meprilus Predelus, and Santelus Saimpre, reincorporate and re-allege paragraphs 1 through 34 as though set forth fully herein and further alleges as follows:

192.    The Florida Civil Rights Act of 1992 ("FCRA") makes it unlawful for an employer such as the Defendant to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's race.

193.    Defendant was, at all times material to this action, a "person" and/or an "employer" that was and remains subject to the Florida Civil Rights Act of 1992 by employing more than 15 people for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

194.    The FCRA prohibits Defendant from making employment decisions or from taking personnel actions affecting the terms, conditions, and/or privileges of employment based upon race considerations.

195.    The FCRA allows a prevailing employee to obtain an order prohibiting Defendant from engaging in its discriminatory practice(s) and

32

providing affirmative relief from the effects of the practice(s), to recover back pay, compensatory damages, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. Fla. Stat. §760.11(5).

## COUNT IV_A – FCRA RACE CLAIM
### (BY JOSEPH GERMAIN)

196.    Mr. Germain possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Chef for Defendant.

197.    Mr. Germain performed his work for Defendant satisfactorily, and he was in all respects a good employee.

198.    Each person in a supervisory role over Mr. Germain was White and not from Haiti.

199.    After Defendant terminated Mr. Germain's employment because of his race, it replaced him (and the rest of the cooks) with workers who were not Black.

200.    Defendant engaged in one or more prohibited "discriminatory practice", as the term is defined by Fla. Stat. §760.02(4) and by §760.10(1) by engaging in the aforesaid actions, which is prohibited by Chapter 760, Florida Statutes.

201.    The discriminatory actions of Defendant against Mr. Germain and its

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

other cooks, when considered individually or collectively, constitutes an adverse employment action because of their race for purposes of FCRA.

202.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Germain and/or adversely affected his status as an employee.

203.    As such, the disparate treatment Mr. Germain suffered constitutes an adverse employment action within the meaning of FCRA.

204.    Defendant's actions were malicious and demonstrated a reckless indifference to Mr. Germain s rights pursuant to FCRA.

205.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

206.    Mr. Germain Germain suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

207.    Pursuant to the FCRA, Mr. Germain is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

### COUNT IV$_B$ – FCRA RACE CLAIM
### (BY JESUNE DERVIL)

34

208.   Mr. Dervil possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Line Cook for Defendant.

209.   Mr. Dervil performed his work for Defendant satisfactorily, and he was in all respects a good employee.

210.   Other than Mr. Germain, each other person in a supervisory role over Mr. Dervil was White and not from Haiti.

211.   After Defendant terminated Mr. Dervil's employment because of his race, it replaced him (and the rest of the cooks) with workers who were not Black.

212.   Defendant engaged in one or more prohibited "discriminatory practice", as the term is defined by Fla. Stat. §760.02(4) and by §760.10(1) by engaging in the aforesaid actions, which is prohibited by Chapter 760, Florida Statutes.

213.   The discriminatory actions of Defendant against Mr. Dervil and its other cooks, when considered individually or collectively, constitutes an adverse employment action because of their race for purposes of FCRA.

214.   These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Dervil and/or adversely affected his status as an employee.

35

215.   As such, the disparate treatment Mr. Dervil suffered constitutes an adverse employment action within the meaning of FCRA.

216.   Defendant's actions were malicious and demonstrated a reckless indifference to Mr. Dervil s rights pursuant to FCRA.

217.   The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

218.   Mr. Dervil suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

219.   Pursuant to the FCRA, Mr. Dervil is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT IVc – FCRA RACE CLAIM
### (BY MEPRILUS PREDELUS)

220.   Mr. Predelus possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Line Cook for Defendant.

221.   Mr. Predelus performed his work for Defendant satisfactorily, and he was in all respects a good employee.

222.   Other than Mr. Germain, each other person in a supervisory role over

36

Mr. Predelus was White and not from Haiti.

223.    After Defendant terminated Mr. Predelus's employment because of his race, it replaced him (and the rest of the cooks) with workers who were not Black.

224.    Defendant engaged in one or more prohibited "discriminatory practice", as the term is defined by Fla. Stat. §760.02(4) and by §760.10(1) by engaging in the aforesaid actions, which is prohibited by Chapter 760, Florida Statutes.

225.    The discriminatory actions of Defendant against Mr. Predelus and its other cooks, when considered individually or collectively, constitutes an adverse employment action because of their race for purposes of FCRA.

226.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Predelus and/or adversely affected his status as an employee.

227.    As such, the disparate treatment Mr. Predelus suffered constitutes an adverse employment action within the meaning of FCRA.

228.    Defendant's actions were malicious and demonstrated a reckless indifference to Mr. Predelus 's rights pursuant to FCRA.

229.    The aforementioned acts of commission and omission by Defendant

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

230.    Mr. Predelus suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

231.    Pursuant to the FCRA, Mr. Predelus is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT IV~D~ – FCRA RACE CLAIM
## (BY SANTELUS SAIMPRE)

232.    Mr. Saimpre possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Line Cook for Defendant.

233.    Mr. Saimpre performed his work for Defendant satisfactorily, and he was in all respects a good employee.

234.    Other than Mr. Germain, each other person in a supervisory role over Mr. Saimpre was White and not from Haiti.

235.    After Defendant terminated Mr. Saimpre's employment because of

38

his race, it replaced him (and the rest of the cooks) with workers who were not Black.

236.    Defendant engaged in one or more prohibited "discriminatory practice", as the term is defined by Fla. Stat. §760.02(4) and by §760.10(1) by engaging in the aforesaid actions, which is prohibited by Chapter 760, Florida Statutes.

237.    The discriminatory actions of Defendant against Mr. Saimpre and its other cooks, when considered individually or collectively, constitutes an adverse employment action because of their race for purposes of FCRA.

238.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Saimpre and/or adversely affected his status as an employee.

239.    As such, the disparate treatment Mr. Saimpre suffered constitutes an adverse employment action within the meaning of FCRA.

240.    Defendant's actions were malicious and demonstrated a reckless indifference to Mr. Saimpre s rights pursuant to FCRA.

241.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

242.    Mr. Saimpre suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

243.    Pursuant to the FCRA, Mr. Saimpre is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

**COUNT IV**
**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs, Joseph Germain, Jesune Dervil, Meprilus Predelus, and Santelus Saimpre, demand the entry of a judgment in their favor and against Defendant, Stoney's Steakhouse, Inc., after a trial by jury, declaring that the Defendant violated the FCRA, awarding them compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting them a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of race, promoting Plaintiffs to the position to which they should be holding, and awarding them their taxable costs and attorneys' fees.

**COUNT V – VIOLATION OF FLORIDA CIVIL RIGHTS ACT**
**(NATIONAL ORIGIN)**

40

Plaintiffs, Joseph Germain, Jesune Dervil, Meprilus Predelus, and Santelus Saimpre, reincorporate and re-allege paragraphs 1 through 34 as though set forth fully herein and further alleges as follows:

244.   The Florida Civil Rights Act of 1992 ("FCRA") makes it unlawful for an employer such as the Defendant to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's race.

245.   Defendant was, at all times material to this action, a "person" and/or an "employer" that was and remains subject to the Florida Civil Rights Act of 1992 by employing more than 15 people for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

246.   The FCRA prohibits Defendant from making employment decisions or from taking personnel actions affecting the terms, conditions, and/or privileges of employment based upon race considerations.

247.   The FCRA allows a prevailing employee to obtain an order prohibiting Defendant from engaging in its discriminatory practice(s) and providing affirmative relief from the effects of the practice(s), to recover back pay, compensatory damages, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. Fla. Stat. §760.11(5).

41

## COUNT V$_A$ – FCRA NATIONAL ORIGIN CLAIM
## (BY JOSEPH GERMAIN)

248.    Mr. Germain possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Chef for Defendant.

249.    Mr. Germain performed his work for Defendant satisfactorily, and he was in all respects a good employee.

250.    Each person in a supervisory role over Mr. Germain was White and not from Haiti.

251.    After Defendant terminated Mr. Germain's employment because of his national origin, it replaced him (and the rest of the cooks) with workers who were not Black.

252.    Defendant engaged in one or more prohibited "discriminatory practice", as the term is defined by Fla. Stat. §760.02(4) and by §760.10(1) by engaging in the aforesaid actions, which is prohibited by Chapter 760, Florida Statutes.

253.    The discriminatory actions of Defendant against Mr. Germain and its other cooks, when considered individually or collectively, constitutes an adverse employment action because of their national origin for purposes of FCRA.

254.    These actions constitute an ultimate employment decision, altered the

42

compensation, terms, conditions, or privileges of the employment of Mr. Germain and/or adversely affected his status as an employee.

255. As such, the disparate treatment Mr. Germain suffered constitutes an adverse employment action within the meaning of FCRA.

256. Defendant's actions were malicious and demonstrated a reckless indifference to Mr. Germain's rights pursuant to FCRA.

257. The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

258. Mr. Germain suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

259. Pursuant to the FCRA, Mr. Germain is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT V$_B$ – FCRA NATIONAL ORIGIN CLAIM
### (BY JESUNE DERVIL)

260. Mr. Dervil possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Line Cook for Defendant.

43

261.    Mr. Dervil performed his work for Defendant satisfactorily, and he was in all respects a good employee.

262.    Other than Mr. Germain, each other person in a supervisory role over Mr. Dervil was White and not from Haiti.

263.    After Defendant terminated Mr. Dervil's employment because of his national origin, it replaced him (and the rest of the cooks) with workers who were not from Haiti.

264.    Defendant engaged in one or more prohibited "discriminatory practice", as the term is defined by Fla. Stat. §760.02(4) and by §760.10(1) by engaging in the aforesaid actions, which is prohibited by Chapter 760, Florida Statutes.

265.    The discriminatory actions of Defendant against Mr. Dervil and its other cooks, when considered individually or collectively, constitutes an adverse employment action because of their national origin for purposes of FCRA.

266.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Dervil and/or adversely affected his status as an employee.

267.    As such, the disparate treatment Mr. Dervil suffered constitutes an adverse employment action within the meaning of FCRA.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4884
www.fairlawattorney.com

268.   Defendant's actions were malicious and demonstrated a reckless indifference to Mr. Dervil s rights pursuant to FCRA.

269.   The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

270.   Mr. Dervil suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

271.   Pursuant to the FCRA, Mr. Dervil is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT V$_C$ – FCRA NATIONAL ORIGIN CLAIM
## (BY JOSEPH GERMAIN)

272.   Mr. Germain possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Line Cook for Defendant.

273.   Mr. Germain performed his work for Defendant satisfactorily, and he was in all respects a good employee.

274.   Each person in a supervisory role over Mr. Germain was White and not from Haiti.

275.   After Defendant terminated Mr. Germain's employment because of

his national origin, it replaced him (and the rest of the cooks) with workers who were not from Haiti.

276.    Defendant engaged in one or more prohibited "discriminatory practice", as the term is defined by Fla. Stat. §760.02(4) and by §760.10(1) by engaging in the aforesaid actions, which is prohibited by Chapter 760, Florida Statutes.

277.    The discriminatory actions of Defendant against Mr. Germain and its other cooks, when considered individually or collectively, constitutes an adverse employment action because of their national origin for purposes of FCRA.

278.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Germain and/or adversely affected his status as an employee.

279.    As such, the disparate treatment Mr. Germain suffered constitutes an adverse employment action within the meaning of FCRA.

280.    Defendant's actions were malicious and demonstrated a reckless indifference to Mr. Germain s rights pursuant to FCRA.

281.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

282.    Mr. Germain suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

283.    Pursuant to the FCRA, Mr. Germain is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT V$_D$ – FCRA NATIONAL ORIGIN CLAIM
## (BY JOSEPH GERMAIN)

284.    Mr. Germain possessed the skills, background, training, and qualifications necessary to perform the duties of his position of Line Cook for Defendant.

285.    Mr. Germain performed his work for Defendant satisfactorily, and he was in all respects a good employee.

286.    Each person in a supervisory role over Mr. Germain was White and not from Haiti.

287.    After Defendant terminated Mr. Germain's employment because of his national origin, it replaced him (and the rest of the cooks) with workers who were not from Haiti.

288.    Defendant engaged in one or more prohibited "discriminatory practice", as the term is defined by Fla. Stat. §760.02(4) and by §760.10(1) by

47

engaging in the aforesaid actions, which is prohibited by Chapter 760, Florida Statutes.

289.    The discriminatory actions of Defendant against Mr. Germain and its other cooks, when considered individually or collectively, constitutes an adverse employment action because of their national origin for purposes of FCRA.

290.    These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Germain and/or adversely affected his status as an employee.

291.    As such, the disparate treatment Mr. Germain suffered constitutes an adverse employment action within the meaning of FCRA.

292.    Defendant's actions were malicious and demonstrated a reckless indifference to Mr. Germain's rights pursuant to FCRA.

293.    The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

294.    Mr. Germain suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

295.    Pursuant to the FCRA, Mr. Germain is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

## COUNT V
## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, Joseph Germain, Jesune Dervil, Meprilus Predelus, and Santelus Saimpre, demand the entry of a judgment in their favor and against Defendant, Stoney's Steakhouse, Inc., after a trial by jury, declaring that the Defendant violated the FCRA, awarding them compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting them a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of national origin, promoting Plaintiffs to the position to which they should be holding, and awarding them their taxable costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

Plaintiffs, Joseph Germain, Jesune Dervil, Meprilus Predelus, and Santelus Saimpre, demand a trial by jury of all issues so triable.

Dated this 13th day of December 2024.

49

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiffs*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*